**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

| | |
|---|---|
| **MARY JANE BURGESS, and those others that are similarly situated,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**SOUTHERN OAKS FACILITY, INC. d/b/a SOUTHERN OAKS CARE CENTER, and MICHAEL BLEICH,**<br><br>**Defendants.** | **CASE NO. 3:20-cv-05439-RV-HTC** |

**JOINT STIPULATION OF DISMISSAL WITH PREJUDICE**

Plaintiff, MARY JANE BURGESS, individually, and on behalf of all opt-in Plaintiffs as their duly authorized representative, ("Plaintiffs") and Defendants, SOUTHERN OAKS FACILITY, INC. and MICHAEL BLEICH ("Defendants"), pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), by and through their undersigned counsel, hereby stipulate to dismissal of this action, with prejudice. In support of this stipulation, the Parties state as follows:

1. Plaintiffs alleged unpaid overtime compensation during their employment with Southern Oaks Facility, Inc. [DE 1-1].

2. The Parties have reached an agreement wherein Plaintiffs will receive full, and uncompromised, compensation for their alleged compensation and liquidated damages.

3. After the Parties reached said agreement, the Parties reached a subsequent agreement on Plaintiffs' attorneys' fees and costs. Plaintiffs' attorneys' fees and costs are separate and apart from the amounts Plaintiffs are receiving. Neither the negotiation nor the amount of attorneys' fees have directly or indirectly resulted in a compromise of Plaintiffs' claims for unpaid wages, or the amount of unpaid wages and liquidated damages that will be paid to them in this case.

4. Accordingly, the resolution of this matter does not constitute a "compromise," which would otherwise involve or necessitate Court review and/or approval. The FLSA only contemplates reviewing settlement agreements that result in the "compromise" of an employee's claim. *Bonetti v. Embarq Mgmt. Co.*, 715 F.Supp. 2d 1222, 1226 & n.6 (M.D. Fla. 2009). However, in cases such as the one *sub judice*, "[w]here the employer offers the plaintiff full compensation of his FLSA claim, no compromise is involved and judicial approval is not required." *Plumey v. Pro Clear Aquitic Sys.*, 2007 U.S. Dist. LEXIS 79026, *2-3 (M.D. Fla. Oc. 24, 2007) (quoting *Tam Su v. Elec. Arts, Inc.*, 2006 U.S. Dist. LEXIS 98894 at *8 (M.D. Fla. Aug. 29, 2006) (citing *Mackenzie v. Kindred Hosps. E., L.L.C.*, 276 Supp. 2d 1211, 1217 (M.D. Fla. 2003)). Thus, it is appropriate to approve this stipulation for the

dismissal with prejudice. *Id*. at *4 (approving stipulation of dismissal with prejudice in FLSA case which stated that the plaintiff has been fully compensated for his unpaid overtime claims).

DATED: February 10, 2021

Respectfully submitted,

JEREMIAH J. TALBOTT, P.A.
900 E. Moreno Street
Pensacola, FL 32503
Telephone: (850) 437-9600
Facsimile: (850) 437-0906

By: /s/Jeremiah J. Talbott
Jeremiah J. Talbott
Florida Bar No. 015484
jjtalbott@talbottlawfirm.com

*Attorneys for Plaintiff*

JACKSON LEWIS P.C.
390 North Orange Avenue, Suite 1285
Orlando, Florida 32801
Telephone: (407) 246-8440
Facsimile: (407) 246-8441

By: /s/Amanda A. Simpson
Amanda A. Simpson
Florida Bar No. 0072817
amanda.simpson@jacksonlewis.com
Todd R. Dobry
Florida Bar No. 109081
todd.dobry@jacksonlewis.com

*Attorneys for Defendants*